FILED
JAN 28 2010

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,
    Plaintiff,

EMITERIA CORTES BUSTOS, FLORIBERTA
CORTES BUSTOS, ISAAC CORTES BUSTOS,
and EDUARDO CRISPIN ZUNIGA,
    Intervenor Plaintiffs

v.

WILLAMETTE TREE WHOLESALE, Inc.,
    Defendants.

CV 09-690-PK

OPINION AND
ORDER

PAPAK, Magistrate Judge:

    Plaintiff Equal Employment Opportunity Commission ("EEOC") filed this action against defendant Willamette Tree Wholesale, Inc. ("Willamette Tree"), on June 18, 2009. That same day, Emiteria Cortes Bustos ("Emiteria"), Floriberta Cortes Bustos ("Floriberta"), Isaac Cortes Bustos ("Isaac"), and Eduardo Crispin Zuniga moved to intervene as plaintiffs; their motion to intervene was granted June 22, 2009. On October 19, 2009, Willamette Tree Wholesale, Inc. ("Willamette Tree"), noticed EEOC and intervenor plaintiffs of its intent to file subpoenas seeking employment records for each of the four intervenor plaintiffs from Miles Nursery, Inc., (the "Miles Nursery") and J. Frank Schmidt & Son Co. (the "Schmidt nursery"). Counsel for

Page 1 - OPINION AND ORDER

intervenor plaintiffs sent the court an email message on October 22, 2009, which, by minute order (#32) dated October 23, 2009, I construed as a motion to quash the proposed employment record subpoenas. On October 28, 2009, Willamette Tree filed a motion (#27) to allow service of the employment record subpoenas. Willamette Tree has not yet attempted to serve any of the proposed subpoenas on the two nurseries.

Now before the court are intervenor plaintiffs' construed motion to quash and Willamette Tree's motion to allow service. I have considered the parties' motions and all of the pleadings on file. For the reasons set forth below, intervenor plaintiffs' motion to quash is granted, and Willamette Tree's motion to allow service is denied.

## LEGAL STANDARD

An attorney for a federal litigant may, as an officer of the court, issue a subpoena requesting the production of documents at any place within the district of the issuing court. *See* Fed. R. Civ. P. 45(a) and (b). "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(c)(1).

On timely motion, the district courts are *required* to quash or modify any subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

      (iv)    subjects a person to undue burden.

Fed. R. Civ. P. 45(c)(3)(A). The district courts have discretion to quash or modify any subpoena that requires:

      (i)    disclosing a trade secret or other confidential research, development, or commercial information;

      (ii)    disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

      (iii)    a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

Fed. R. Civ. P. 45(c)(3)(B). If one or more of the circumstances enumerated in Federal Civil Procedure Rule 45(c)(3)(B) apply, the court may, in lieu of quashing the subpoena, order appearance or production under specified conditions if the serving party:

      (i)    shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

      (ii)    ensures that the subpoenaed person will be reasonably compensated.

Fed. R. Civ. P. 45(c)(3)(C). In determining the propriety of a subpoena, courts consider "the relevance of the discovery sought, the requesting party's need, and the potential hardship to the party subject to the subpoena." *Heat and Control Inc. v. Hester Indus.*, 785 F.2d 1017, 1024 (Fed. Cir. 1986). "Obviously, if the sought-after documents are not relevant, nor calculated to lead to the discovery of admissible evidence, then any burden whatsoever imposed would be by definition undue." *Compaq Computer Corp. v. Packard Bell Elec., Inc.*, 163 F.R.D. 329, 335-336 (N.D. Cal. 1995).

## FACTUAL BACKGROUND

On October 19, 2009, defendant Willamette Tree noticed plaintiff EEOC and intervenor plaintiffs of its intent to file subpoenas seeking employment records for Emiteria, Floriberta, Isaac, and Zuniga from the Miles Nursery and the Schmidt nursery.[1] Counsel for intervenor plaintiffs sent the court an email message on October 22, 2009, which the court construed as a motion to quash the employment record subpoenas. On October 28, 2009, Willamette Tree filed its motion to allow service of the employment record subpoenas. Willamette Tree has not yet attempted to serve the subpoenas on the two nurseries.

At approximately the same time that Willamette Tree noticed its intent to serve employment records subpoenas, it served discovery requests on the intervenor plaintiffs seeking much of the same information as it intended to seek through the employment records subpoenas. It appears that intervenor plaintiffs have refused to provide much or all of this information through discovery, but Willamette Tree has not attempted to compel production of the information.

## ANALYSIS

An employee has at least some legitimate privacy interest in the contents of her or his employment records. *See, e.g., O'Brien v. United States*, Case No. CV-N-97-256-DWH, 1998 U.S. Dist. LEXIS 12894, *13-14 (D. Nev. July 27, 1998), *rev'd on other grounds, citing Onwuka v. Federal Express Corp.*, 178 F.R.D. 508, 517 (D. Minn. 1997); *Whittingham v. Amherst College*, 164 F.R.D. 124, 127-28 (D. Mass. 1995). Moreover, public policy militates against

---

[1] Counsel for intervenor plaintiffs asserts that Isaac is currently employed by the Schmidt nursery and that no other intervenor plaintiff is now or has ever been employed by either the Miles Nursery or the Schmidt nursery, but the record contains no evidence on this point.

Page 4 - OPINION AND ORDER

disclosure of personnel files because it might discourage candid employee performance evaluations, breach employees' expectations of confidentiality and cause morale problems. *See In Re Hawaii Corp.*, 88 F.R.D. 518, 524 (D. Hi. 1980). Nevertheless, courts have required production of employee personnel files where the information they contain is relevant and not otherwise available. *See, e.g., Abu v. Piramco Sea-Tac, Inc.*, Case No. 08-1167, 2009 U.S. Dist. LEXIS 12626, at *5 (W.D. Wash. Feb. 5, 2009).

Here, because it appears that the only intervenor plaintiff ever to have been employed by either the Miles Nursery or the Schmidt nursery is Isaac, who is currently employed by the Schmidt nursery, it appears that seven of the eight proposed subpoenas seek employment records that do not exist. If this is the case, the subpoenas other than the one seeking Isaac's employment records from the Schmidt nursery are not calculated to lead to the discovery of admissible evidence, and therefore necessarily subject their recipient to undue burden.

As to the remaining subpoena, seeking employment records for Isaac from the Schmidt nursery, Willamette Tree has not shown that the requested records are unavailable from Isaac himself, who naturally may request a copy of his personnel file from his employer without requiring his employer to comply with the provisions of a records subpoena.

For the foregoing reasons, intervenor plaintiffs' motion to quash is granted, and Willamette Tree's motion to allow service of subpoenas is denied. Willamette Tree shall have the right to refile its motion or to issue additional employment record subpoenas in the event it learns the identity of any employer actually employing any intervenor plaintiff or in the event it is unable to obtain relevant, existing employment records through the discovery process.

## CONCLUSION

For the reasons set forth above, intervenor plaintiffs' informal motion to quash, dated October 22, 2009, is granted, and Willamette Tree's motion (#27) to allow service of subpoenas is denied with leave to refile as discussed above.

Dated this 26th day of January, 2010.

_____
Honorable Paul Papak
United States Magistrate Judge